JOHN WINTERBOTTOM *vs.* JOSEPH H. MOREHOUSE.

A demand for goods alleged to have been converted is not a waiver of a previous demand for the same goods, with which the wrongdoer refused to comply.

ACTION OF TORT for converting goods and household furniture of the plaintiff. The defendant denied the conversion.

At the trial in the court of common pleas, before *Byington,* J., the plaintiff introduced evidence tending to show that the property was his, and was left by him with the defendant at a boarding house kept by the latter in Greenfield; that the plaintiff made a demand of the property upon the defendant at his house in Greenfield in March 1854, and the defendant refused to deliver it; and afterwards, in the same month, the plaintiff made another demand upon the defendant at Worcester, to which the defendant replied he should not have the property unless he sued him for it.

The defendant introduced evidence tending to show that in May 1854 an officer demanded the property of him, and, before he had a reasonable opportunity to deliver it, served this writ upon him. And the defendant requested the judge to instruct the jury that if it were proved there had been a demand and refusal, and after that a second demand, the second demand was a waiver of the first; and that if the defendant, when the officer made the demand, was ready and willing to give up the property, but was prevented, by the service of the writ, from so doing

before he had a reasonable opportunity to do it, the plaintiff could recover nominal damages only.

But the judge instructed the jury " that a second demand was not, as matter of law, a waiver of the first demand; but was evidence of a waiver, and for the jury to determine whether it was a waiver or not"; and " that if, at the time of the demand made by the officer, there had been no conversion of the property by the defendant, and he then had no reasonable opportunity to deliver it up, the plaintiff could not recover even nominal damages; but if the defendant had, prior to that time, converted the goods to his own use, the plaintiff would be entitled to recover the full value of the goods." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to these instructions.

*C. Devens, Jr.* for the defendant.

*P. P. Todd,* for the plaintiff.

BY THE COURT. The first demand at Greenfield was good; the refusal to deliver the goods there, if found by the jury, was evidence of a conversion; and if not then delivered up, the subsequent demand at Worcester was not a waiver. The instructions were correct. *Exceptions overruled.*